UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOTICOL CHASTANG, | No. 2:15-cv-0961 DB P |
| Plaintiff, | |
| v. | ORDER |
| E. CERVANTES, et al., | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants used excessive force when they shot him during his altercation with another inmate. Before the court are plaintiff's motions to amend the complaint to add a new party and for an injunction against that party. (ECF No. 25.)

**I.     Motion to Amend**

In his motion, plaintiff seeks to add Officer Hernandez as a defendant in this action. Plaintiff contends Hernandez threatened him after plaintiff informed Hernandez that he was going to be housed on the ground floor. Plaintiff's contentions regarding Hernandez have no relationship to the subject matter of his complaint. Further, the incident complained of occurred on January 24, 2017. (See Mot. (ECF No. 25) at 2.)   Therefore, plaintiff could not have

1

exhausted his administrative remedies regarding this claim prior to filing this suit.  See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (a prisoner "may initiate litigation in federal court only after the administrative process ends"); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (prisoner must exhaust available remedies before he files his complaint; he may not do so during the course of the litigation).  Accordingly, plaintiff's motion to amend will be denied.

**II.     Motion for Restraining Order**

Plaintiff seeks an order from the court requiring Officer Hernandez to "stay 10,000 feet away from plaintiff."  (ECF No. 25 at 1.)  Plaintiff is essentially requesting an injunction directed to Officer Hernandez.

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  Therefore, a party seeking a preliminary injunction must show a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself."  Pacific Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  That relationship is sufficient to support a preliminary injunction where the injunctive relief sought is "'of the same character as that which may be granted finally.'"  Id. (quoting De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)).  "Absent that relationship or nexus, the district court lacks authority to grant the relief requested."  Id.  For similar reasons, an injunction against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").

Plaintiff seeks an order requiring Officer Hernandez to stay away from him based on Officer Hernandez's threats to plaintiff.  Plaintiff's concerns about Officer Hernandez are not a basis of his complaint in this action and Officer Hernandez is not a party to this action.  For these reasons, plaintiff's request for injunctive relief will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to amend the complaint and for an injunction (ECF No. 25) are denied.

Dated: March 2, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/chas0961.mta