UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOTICOL CHASTANG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E. CERVANTES, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-0961 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges excessive force by defendants in violation of the Eighth Amendment. Before the court are plaintiff's requests for the appointment of counsel and for forms to amend his complaint. For the reasons set forth below, both requests will be denied.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has requested the appointment of counsel because he is having trouble obtaining evidence and does not have access to the library. (ECF No. 29.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. However, the court is concerned about plaintiff's

statement that he has no access to the law library. If plaintiff feels he is being denied reasonable access to the law library in order to proceed with this case, he should file a separate request explaining why that is so. Plaintiff's request for the appointment of counsel will be denied.

**REQUEST FOR FORMS**

Plaintiff filed a request for "forms" to "add third, fourth and fifth defendants to the above case." (ECF No. 30.) Plaintiff is advised that the court does not have forms to add defendants to a case. If plaintiff wishes to add defendants, he must make a motion to amend the complaint. If he chooses to do so, plaintiff must attach a copy of his proposed amended complaint to his motion so that the court can determine whether leave to amend should be granted. See E.D. Cal. R. 137(c).

In any amended complaint plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Furthermore, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th

Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for the appointment of counsel (ECF No. 29) is denied; and
2. Plaintiff's request for forms (ECF No. 30) is denied.

Dated: March 16, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/chas0961.31